[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION re: MOTION TO STRIKE (#104.00)
On March 19, 2001, the defendant,[1] the Board of Education of the City of Stamford, filed a motion to strike the third count of the plaintiff's complaint on the ground that General Statutes § 10-235
does not create a right of direct action against a board of education but rather, the statute only addresses the relationship between a board and its employees. In opposition, the minor plaintiff, Jermaine Carr, through his mother, Cheryl Duffus, argues that this court should permit an CT Page 5088 injured party to bring a claim for indemnification directly against a board of education.
"There is a split of authority in the Superior Court over the question whether individual injured parties have a direct cause of action under § 10-235 against a board of education, and neither the Appellate Court nor the Supreme Court has addressed the issue directly. . . . However, the majority of Superior Court decisions have held that §10-235 is solely an indemnification statute and does not permit a direct action against a board of education." (Citations omitted; internal quotation marks omitted.) D'Alessio v. Town of Ansonia, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 070881 (October 11, 2000, Nadeau, J.).
This court finds that the greater weight of authority and reasoning is contained in cases denying a direct cause of action for indemnification by an injured plaintiff under General Statutes § 10-235 and therefore, holds that § 10-235 does not provide a direct cause of action. Id. See also Walsh v. Watertown Board of Education, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 149790 (November 6, 2000, Wiese, J.) (analyzing statute and cases and holding that § 10-235 creates a right of indemnification for the benefit of teachers and board employees and not all other prospective plaintiffs);Dube v. Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski, J.T.R.) (same);Brown v. Acorn Acres, Superior Court, judicial district of New London at Norwich, Docket No. 117980 (August 23, 2000, Martin, J.) (28 Conn.L.Rptr. 24) (same); Ambrose v. Singe, Superior Court, judicial district of Danbury, Docket No. 320896 (June 10, 1997,Stodolink, J.) (19 Conn.L.Rptr. 639); Stiffler v. Cityof Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145373 (March 18, 1996, Tobin, J.) (16 Conn.L.Rptr. 52) (same). But see Russo v. Town ofGreenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154836 (August 20, 1998, D'Andrea, J.) (23 Conn.L.Rptr. 62) (holding that plaintiffs may bring direct action against board for negligence of its employees pursuant to General Statutes § 52-557n (a)(1)(A) despite defendants' argument that § 10-235 prevented plaintiffs' action);Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley,J.) (9 C.S.C.R. 176) (holding that General Statutes § 10-235 permits direct cause of action by injured plaintiff against board of education);Nowinski v. Town of Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 111420 (March 16, 1994, Lewis,J.) (holding that plaintiff's counts naming board of education liable under General Statutes § 10-235 were proper). Accordingly, the defendant's motion to strike the third count of the plaintiff's complaint CT Page 5089 is hereby granted.
KARAZIN, J.